UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEREMIAH JAMES PETLIG,

                Plaintiff,

      v.

SCOTT CARTER-ELDRED, et al.,

                Defendants,

CASE NO. C18-0721-MJP-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, a plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). He must show named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff is currently incarcerated at King County Jail and proceeds with this action pro se and *in forma pauperis*. After the Court issued an Order Declining to Serve and Granting Leave to

ORDER
PAGE - 1

Amend (Dkt. 9), plaintiff submitted a proposed amended complaint (Dkt. 10).  In the amended complaint, plaintiff names as defendants public defenders Scott Carter-Eldred and John Randolph, King County Prosecutor Stanley Lloyd, Judge Bill A. Bowman, and correctional officer Hairway. He again raises claims associated with both his ongoing criminal prosecution and his current confinement, and seeks monetary damages and the appointment of counsel.   The Court, having reviewed the amended complaint, finds and concludes as follows.

Plaintiff is currently awaiting trial in state court.  (Dkt. 10 at 3); *State v. Petlig*, No. 17-1-06201-1 (King County Sup. Ct.), *docket available at* http://dw.courts.wa.gov.   In this § 1983 matter, plaintiff's claims include challenges associated with his right to be present at criminal proceedings, to a speedy and public trial, excessive bail, and denial of due process and equal protection of the law.  (Dkt. 10 at 3.)   Plaintiff may not, however, challenge the propriety of ongoing state criminal proceedings in a § 1983 lawsuit.  Generally, the federal courts will not intervene in pending state criminal proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate.  *See Younger v. Harris*, 401 U.S. 37, 53–54 (1971).  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).  The court is required to invoke the *Younger* abstention doctrine if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue.  *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted).

All of the *Younger* criteria are satisfied here.  The state proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is nothing to indicate plaintiff cannot raise in his criminal case the same claims he raises here or that there is a danger of great and immediate irreparable harm.  It appears this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves, thereby requiring this Court's abstention.[1]

Even if *Younger* did not apply, several defendants named by plaintiff in relation to his criminal prosecution are properly dismissed.  The claims against King County Prosecutor Lloyd and Judge Bowman are barred by absolute prosecutorial and judicial immunities.  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), and *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991).  Plaintiff further fails to state a claim against public defenders Carter-Eldred and Randolph.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]") (internal quotation marks and quoted sources omitted); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); and *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (private party who conspires with state officials may be liable under § 1983, but to prove a conspiracy, plaintiff must show an agreement or meeting of the minds to violate constitutional rights; "each participant in the conspiracy need not know the exact details of the plan, but each

---

[1] If plaintiff's state criminal case resolves in the near future and results in a conviction, this action would then be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  When a state prisoner brings a § 1983 action for damages or injunctive relief, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, sentence, or confinement.  *Id.* at 487-90.  "[I]f it would, the complaint must be dismissed," unless the plaintiff can demonstrate the conviction or confinement has already been invalidated, expunged, or otherwise impugned.  *Id.* at 487; *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997).

ORDER
PAGE - 3

participant must at least share the common objective of the conspiracy.")

Plaintiff also raises claims associated with his current confinement. The Court previously informed plaintiff of the information needed to state such claims. (Dkt. 9 at 5.) Because plaintiff identified correctional officer Hairway as a state actor responsible for denying him medical treatment in violation of his constitutional rights, the Court finds service of the amended complaint on Hairway appropriate. However, while raising allegations regarding his mail and access to courts, plaintiff fails to identify any viable defendants associated with such claims. The Court cannot, as such, consider those claims.

The Court herein recommends the claims regarding ongoing state criminal proceedings be DISMISSED without prejudice based on *Younger*, and that the claims against Lloyd, Bowman, Carter-Eldred, and Randolph be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court further recommends that, following resolution of this Report and Recommendation, the undersigned direct service on defendant Hairway in relation to the medical treatment claim.[2] A proposed Order accompanies this Report and Recommendation.

<u>OBJECTIONS</u>

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions

---

[2] The request for relief in the amended complaint includes the appointment of counsel. There is no right to have counsel appointed in cases brought under § 1983. Although the Court may, under 28 U.S.C. § 1915(e)(1), appoint counsel to a party proceeding IFP, it may do so only upon a showing of exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the individual to articulate his claims pro se in light of the complexity of the legal issues involved. *Id*. In this case, plaintiff has not demonstrated exceptional circumstances. Accordingly, the request for appointment of counsel (Dkt. 10 at 4) is herein DENIED without prejudice to renewal of the request at a later time.

ORDER
PAGE - 4

calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on __**August 17, 2018**__.

DATED this <u>26th</u> day of July, 2018.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 5