UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEREMIAH JAMES PETLIG,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT CARTER-ELDRED, et al.,<br><br>Defendants. | CASE NO. C18-721-MJP-MAT<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Plaintiff Jeremiah James Petlig's Objections (Dkt. No. 15) to the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 11.) Having reviewed the Report and Recommendation, the Objections, and all related papers, the Court ADOPTS the Report and Recommendation.

The relevant facts and procedural background are set forth in detail in the Report and Recommendation. (Dkt. No. 11.) Because Plaintiff challenges the propriety of his state criminal proceedings—and because those proceedings are ongoing, involve a criminal prosecution that implicates important state interests, and there is no indication that he cannot raise the claims he

raises here in that proceeding—Magistrate Judge Theiler concluded that this Court must abstain under Younger v. Harris, 401 U.S. 37, 53-54 (1971). (Id.) Magistrate Judge Theiler also concluded that even if Younger did not apply, Plaintiff's claims against Defendants Lloyd and Bowman are barred by prosecutorial and judicial immunity, and that his claims against Defendants Carter-Eldred and Randolph fail to state a claim upon which relief may be granted.[1] (Id.) Magistrate Judge Theiler concluded that Plaintiff's medical treatment claim against Defendant Hairway should be served. (Id.)

Plaintiff objects to the Report and Recommendation's dismissal based upon Younger. (Dkt. No. 15.) Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1).

The Court finds that Plaintiff's "Objection" is not properly an objection to the Report and Recommendation's conclusions or recommended disposition, but is instead a request that Plaintiff be permitted to raise his claims regarding his state criminal proceedings "when my trials done." (Dkt. No. 15.) The Court clarifies that, because these claims are being dismissed without prejudice, Plaintiff is free to re-file them at the conclusion of his state court proceedings.

The Court therefore ADOPTS the Report and Recommendation, and orders as follows:

(1) The Court DISMISSES without prejudice Plaintiff's claims regarding the ongoing state criminal proceedings;

---

[1] In a letter to the Court, Plaintiff explains that he inadvertently named Randolph as a defendant, but does not intend to proceed against him. (Dkt. No. 16.)

(2) The Court DISMISSES with prejudice the claims against Defendants Lloyd, Bowman, Carter-Eldred, and Randolph; and

(3) The Court ORDERS Magistrate Judge Theiler to direct service of Plaintiff's Amended Complaint on Defendant Hairway with respect to the medical treatment claim.

The clerk is ordered to provide copies of this order to all counsel and to the Honorable Magistrate Judge Mary Alice Theiler.

Dated October 30, 2018.

Marsha J. Pechman
United States District Judge