UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEREMIAH JAMES PETLIG,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT CARTER-ELDRED, et al.,<br><br>Defendants. | CASE NO. C18-721 MJP<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER comes before the Court on Plaintiff's Objections (Dkt. No. 68) to the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge. (Dkt. No. 67.) Having reviewed the Report and Recommendation, the Objections (Dkt. No. 68), and all related papers, the Court ADOPTS the Report and Recommendation and DISMISSES this case with prejudice.

**Background**

Plaintiff, Jeremiah James Petlig, filed this pro se civil rights case under 42 U.S.C. § 1983 alleging that Defendant, Correctional Officer C. Harraway, provided inadequate care for his

medical condition while he was a pretrial detainee at the King County Jail/Regional Justice Center. The Court previously dismissed Plaintiff's claims against the other named Defendants. (Dkt. No. 20.)

Plaintiff alleges that on February 10, 2018, he told Defendant "he needed medical care because [he] was in extreme pain and [] felt ill" but Defendant "refused" to initiate emergency medical protocol and failed to log Plaintiff's request that he do so. (Dkt. No. 61 at 2.) Instead, Defendant told Plaintiff to go back to his cell and to request an appointment with the nurse in the morning. (Id.) But Plaintiff did not request an appointment with the nurse because he "wanted and needed the attention right then on the spot[.]" (Id. at 23.) And although the nurse arrived the next morning to conduct "triage" for the unit, Plaintiff did not see her then or during any of her other visits to the unit over the next several days. (Dkt. No. 57, Ex. 2; Dkt. No. 58 at ¶¶ 3-4; Dkt. No. 67 at 8.) Although Plaintiff continued to eat and drink and had no change in bowel or bladder habits, his pain continued to worsen; on February 12, two days after his initial pain complaint, he was transported to Valley Medical Center for an emergency appendectomy. (Dkt. No. 57, Ex. 3 at 3, Ex. 4 at 1; Ex. 5 at 1.)

In her Report and Recommendation, issued upon Defendant's Motion for Summary Judgment, Magistrate Judge Theiler found Plaintiff failed to establish several elements of his claim and recommended dismissal with prejudice. (Dkt. No. 67.) Plaintiff now objects, arguing that Defendant's failure to act on February 10 demonstrates he was deliberately indifferent to Plaintiff's serious medical condition. (Dkt. No. 68 at 2-8.)

**Discussion**

Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may

| | |
|---|---|
| 1 | accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); see also 28 |
| 2 | U.S.C. § 636(b)(1). |
| 3 | Claims for violations of the right to adequate medical care brought by pretrial detainees |
| 4 | must be evaluated under an objective deliberate indifference standard. Gordon v. Cty. of |
| 5 | Orange, 888 F.3d 1118, 1125 (9th Cir. 2018). Under this standard, a plaintiff must prove: |
| 6 | (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of |
| 7 | suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have |
| 8 | appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused |
| 9 | the plaintiff's injuries. |
| 10 | Id. at 1125. |
| 11 | "With respect to the third element, the defendant's conduct must be objectively |
| 12 | unreasonable, a test that will necessarily turn on the facts and circumstances of each particular |
| 13 | case." Id. "The mere lack of due care by a state official does not deprive an individual of life, |
| 14 | liberty, or property under the Fourteenth Amendment." Id. (internal quotation omitted). In other |
| 15 | words, "medical malpractice does not become a constitutional violation merely because the |
| 16 | victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976) |
| 17 | In her Report and Recommendation, Magistrate Judge Theiler found that Plaintiff had |
| 18 | established the first element of a deliberate indifference claim by demonstrating that Defendant |
| 19 | made an intentional decision not to treat Plaintiff's initial pain complaint as urgent. (Dkt. No. 67 |
| 20 | at 7.) And Plaintiff now argues that Defendant's inaction delayed Plaintiff's treatment, causing |
| 21 | unnecessary pain and satisfying the fourth element of his prima facie case. (Dkt. No. 68 at 5.) |
| 22 | Yet even allowing that Plaintiff has established these two elements, he has not shown that a |
| 23 | |
| 24 | |

reasonable official in Defendant's position would have appreciated the high degree of risk involved in failing to act on Plaintiff's initial complaint.

As discussed in the Report and Recommendation, between February 10 when Plaintiff first complained of pain and when he was transported to Valley Medical on February 12, Plaintiff did not contact the nurse who visited his unit repeatedly. (Dkt. No. 57, Ex. 2; Dkt. No. 58 at ¶¶ 3-4; Dkt. No. 67 at 8.) Where Plaintiff himself failed to treat his condition as urgent, Defendant's suggestion that Plaintiff consult the nurse in the morning, rather than securing immediate medical attention, was not unreasonable. This is especially so where Plaintiff continued to eat and drink and had no change in bowel or bladder habits until two days after he complained to Defendant. (Dkt. No. 57, Ex. 4 at 1; Ex. 5 at 1.) The Court finds Plaintiff has not established the elements of a claim for violation of the right to adequate medical care.

**Conclusion**

For the reasons stated above, the Court ADOPTS the Report and Recommendation and DISMISSES this case with prejudice.

The clerk is ordered to provide copies of this order to Judge Theiler, Plaintiff, and to all counsel.

Dated July 30, 2019.

Marsha J. Pechman
United States District Judge